IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

VICKY CORLEY and
GINA RANKIN                                                      PLAINTIFFS


v.                              Case No. 05-2160


CARCO CAPITAL CORPORATION,
CARCO CARRIAGE CORPORATION, and
CARL CORLEY                                                      DEFENDANTS

**ORDER**

Now on the 10th day of July, 2006, comes on for consideration the **Motion to Dismiss (doc. #2)** and **Motion to Dismiss Plaintiff's Amended Complaint (doc. #11)** of separate defendants, Carco Capital Corporation and Carl Corley. The Court, having reviewed the pleadings of the parties, and all other matters of relevance before it, and being well and sufficiently advised, finds and orders as follows with respect thereto:

1. The plaintiffs, Vicky Corley and Gina Rankin, originally filed this action on November 17, 2005 against the separate defendants, Carco Capital Corporation ("Capital") and Carl Corley ("Corley"). The original complaint asserted claims of violations of the federal Equal Pay Act, Title VII of the United States Code, and Arkansas Law.

2. Capital and Corley filed their **Motion to Dismiss (doc. #2)** on December 6, 2005. However, the plaintiffs eventually sought and received leave of the Court to file an amended complaint and their Amended Complaint was filed on January 12, 2006. In light of the foregoing, the original **Motion to Dismiss (doc. #2)** is now **moot** and will be **denied** as such.

3. The Amended Complaint (hereinafter "complaint") seeks relief under the federal Equal Pay Act and Arkansas state law but, unlike the original complaint, does not seek relief under Title VII of the United States Code. In addition, as amended, the complaint adds -- as an additional defendant -- Carco Carriage Corporation ("Carriage").

4. In their **Motion to Dismiss Plaintiff's Amended Complaint (doc. #11)** filed on January 26, 2006, Capital and Corley move to dismiss the plaintiffs' amended complaint.

The plaintiffs have responded to the motion and deny that the amended complaint should be dismissed.

5. Plaintiffs assert violations of the Equal Pay Act and Arkansas Code Annotated § 11-4-601 et seq and allege that their rights have been violated under these provisions of law. Specifically, they contend that defendants have engaged in "unequal pay practices" by paying the plaintiffs "less wages than

other employees of the opposite sex, despite the fact that they were performing equal work on jobs requiring equal skill, effort, and responsibility" and under similar working conditions. Amended Complaint, § 7.

In their motion, Capital and Corley argue that the complaint should be dismissed, as to them, under Rule 12(b)(6) of the Federal Rules of Civil Procedure for the following reasons:

* The plaintiffs were employees of Carriage for the entirety of their employment; and, were not employees of either Capital or Corley.

* The allegations contained in plaintiffs' complaint as against Corley are an improper attempt to pierce the corporate veil.

* And, with respect to the allegations against Corley, separate plaintiff, Vicky Corley, has waived her right to bring this action by virtue of a Waiver and Covenant Not to Sue executed in November of 1997.

6. Rule 12(b)(6) of the Federal Rules of Civil Procedure allows for dismissal for failure to state a claim upon which relief can be granted. When ruling on a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a district

court "must accept the allegations contained in the complaint as true and all reasonable inferences from the complaint must be drawn in favor of the nonmoving party." Young v. City of St. Charles, 244 F.3d 623, 627 (8th Cir. 2001). Although dismissal for failure to state a claim can only be granted when it appears beyond a reasonable doubt that plaintiff can prove no set of facts in support of a claim entitling him to relief, "dismissal under Rule 12(b)(6) serves to eliminate actions which are fatally flawed in their legal premises and deigned to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity." Young, 244 F.3d at 627.

(a) First, Capital and Corley argue that the complaint should be dismissed because neither Capital nor Corley were the actual employer of the plaintiffs and, therefore, neither should be held liable for the alleged equal pay violations asserted in the complaint.

Plaintiffs counter this contention by pointing out that the definition of "employer" -- for purposes of the applicable statues -- is broader than that applicable under the common law and, therefore, includes both Capital and Corley

The Equal Pay Act (a part of the Fair Labor Standards Act), 29 U.S.C. § 206, prohibits wage discrimination by an employer

4

subject to the provisions of that section.  29 U.S.C. § 206(b).  Similarly, Arkansas Code Annotated § 11-4-601 provides that "no employer shall discriminate against any employee in the matter of wages or compensation solely on the basis of the sex of the employee."

The definition of "employer" for the purposes of the applicable federal law is contained in 29 U.S.C. § 203(d):

> "'Employer' includes any person acting directly or indirectly in the interest of an employer in relation to an employee . . .'"

Similarly, the applicable Arkansas law [Ark. Code Ann. § 11-4-607(2)] defines "employer" as:

> "any person, natural or artificial, acting in the interest of an employer directly or indirectly."

Capital and Corley argue that Carriage was the actual employer of the plaintiffs and that they cannot prove otherwise.

However, plaintiffs point to the following facts set forth in the complaint to support their argument that Capital and Corley are proper defendants:

* Capital held 100% of the stock of Carriage;
* Capital had ultimate authority over all aspects of Carriage;
* Corley is the Chairman of the Board for Carriage;

5

* Corley is a shareholder in Capital;

* Corley is the primary person in charge of operations for both Capital and Carriage;

* Corley dominates the administration of both of the corporations; is empowered to act on behalf of both corporations when dealing with employees; had supervisory authority over the plaintiffs while employees; and had ultimate authority to set, alter, and/or terminate plaintiffs' salaries.

* Capital and Carriage are operated out of the same building;

* Capital and Carriage have common management, common control of employees, and common ownership and/or financial control;

* Capital and Carriage have a close interrelationship of operations. Amended Complaint, § 6.

In the Court's view, the statutory definitions of "employer" under the applicable statutes include persons or entities other than those denominated as such in relevant paperwork. Additionally, the statutory definitions contemplate -- or at least allow for -- several simultaneous employers who may be responsible for compliance with the law. Darby v. Bratch, 287

F.3d 673, 681 (8th Cir. 2002); Chao v. Bauerly, LLC, 2005 WL 1923716 (D.Minn. Aug. 11, 2005); Brown v. L&P Indus., LLC, 2005 WL 3503637 (E.D. Ark. December 21, 2005). "Economic reality," rather than "common law concepts of agency" controls when identifying the employer under the applicable statutes. Brown, 2005 WL 3503637 (citing Donovan v. Agnew, 712 F.2d 1509, 1510 (1st Cir. 1983)).

Although the issue has not been specifically ruled on by the Eighth Circuit Court of Appeals[1], some district courts within the Eighth Circuit -- as well as other sister circuits -- have recognized that the Fair Labor Standards Act contemplates individual liability for corporate officers or others with operational control. Chao v. Bauerly, LLC, 2005 WL 1923716 (D.Minn. Aug. 11, 2005); Brown v. L&P Indus., LLC, 2005 WL 3503637 (E.D. Ark. December 21, 2005). *See also* Dole v. Elliott Travel & Tours, 942 F.2d 962, 965-66 (6th Cir. 1991); Donovan v. Agnew, 712 F.2d 1509, 1511 (1st Cir. 1983).

In light of applicable law and viewing the allegations contained in the complaint as true as required by Rule 12(b)(6), the Court concludes that the argument of Capital and Corley that

---

[1] The Eighth Circuit Court of Appeals *has* implicitly recognized that the Fair Labor Standards Act permits suits against employers in their individual capacities. *See* Darby v. Bratch, 287 F.3d 673, 681 (8th Cir. 2002); Rockney v. Blohorn, 877 F.2d 637, 642-43 (8th Cir. 1989).

the complaint should be dismissed because neither were the plaintiffs' actual employer must fail. *See* Young v. City of St. Charles, 244 F.3d 623, 627 (8th Cir. 2001) ("all reasonable inferences from the complaint must be drawn in favor of the nonmoving party").

(b) Alternatively, separate defendant Corley argues that the claims of Vicky Corley should be dismissed because Vicky Corley waived her right to bring this action against separate defendant Corley by virtue of a Waiver and Covenant Not to Sue ("Waiver") executed in November of 1997.

Plaintiffs resist this argument and contend that the Waiver "reflects that its intention was to prevent Plaintiff Corley from suing Carco Carriage Corporation, Carl Corley, and/or Chris Corley for acts 'arising as a consequence of my [Plaintiff Corley] personal relationship with any co-employee of Carco Carriage Corporation and, specifically, Chris Corley.'" Plaintiffs' Response Brief, p. 6.

The Court must also reject this alternative argument. The Waiver relied upon was attached to the defendants' motion to dismiss -- and, therefore, is "outside the pleadings." Under Rule 12(b)(6), the Court is obliged to decide a motion to dismiss with reference only to the pleadings and attachments thereto.

This ruling is without prejudice on the point should Corley desire to raise the issue again by way of a motion for summary judgment pursuant to Rule 56.

7. Based on the foregoing, separate defendants' **Motion to Dismiss Plaintiff's Amended Complaint (doc. #11)** is **DENIED**.

IT IS, THEREFORE, ORDERED that separate defendants' **Motion to Dismiss (doc. #2)** is moot, and is therefore, **denied** as such;

IT IS, FURTHER, ORDERED that separate defendants' **Motion to Dismiss Plaintiff's Amended Complaint (doc. #11)** is **denied**.

IT IS SO ORDERED.

                                        <u>/s/ Jimm Larry Hendren</u>
                                        UNITED STATES DISTRICT JUDGE